# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

David Stebbins
Appellant(s),

vs.

John Doe & YouTube, LLC
Appellee(s).

9th Cir. Case No. 24-4992

District Court or
BAP Case No. 4:24-mc-80179-HSG

## APPELLANT'S INFORMAL OPENING BRIEF

*(attach additional sheets as necessary, up to a total of 50 pages including this form)*

**JURISDICTION.** This information helps the court determine if it can review your case.

1. Timeliness of Appeal:

   a. What is the date of the judgment or order that you want this court to review? 08/13/2024

   b. Did you file any motion, other than for fees and costs, after the judgment was entered? Answer yes or no: no

   - If you did, on what date did you file the motion? _____

   - For prisoners or detainees, what date did you give the motion to prison authorities for mailing? _____

   - What date did the district court or bankruptcy appellate panel (BAP) decide the motion that you filed after judgment? _____

   c. What date did you file your notice of appeal? 08/13/2024

   - For prisoners or detainees, what date did you give your notice of appeal to prison authorities for mailing? _____

9th Cir. Case No. 24-4992											Page 2

**FACTS.** Include all facts that the court needs to know to decide your case.

2.	What are the facts of your case?

John Doe, who goes by the alias "Creetosis" on YouTube, copied 100% of my original, copyrighted YouTube videos, literally every single last second of them, while providing only minimal commentary or criticism about them. Despite the lack of transformative value and using literally 100% of my videos, he still insisted (often, quite vulgarly) that his reaction streams were "100% fair use."

I had the videos taken down using the DMCA Takedown procedure. During these takedown processes, YouTube responded to me and asked me to verify that I had considered fair use. I provided said verification, explaining in detail how Creetosis's reaction streams were actually very weak cases for fair use. Only after being satisfied by my arguments did YouTube take the streams down.

Despite earning enough copyright strikes to be subject to termination, Creetosis's channels were never terminated.

Creetosis also published a highly inflammatory and highly libelous community post, where he (A) accused me of simply trying to punish him for criticizing me, and (B) that I knowingly exploited YouTube's tendency to automatically process any DMCA Takedowns that are properly filled out, regardless of merit. Both of these were objectively false statements and therefore constituted libel.

In addition to this, for the past few years, Creetosis has been a major party in harassing and doxing me, subjecting me to extreme emotional distress.

So, in June of 2024, I filed a lawsuit against both Creetosis and YouTube LLC for copyright infringement, on the grounds that they have lost their safe harbor for failing to terminate Creetosis even after he acquired three copyright strikes. I also sued Creetosis for libel and intentional infliction of emotional distress.

On August 13, 2024, however, District Judge Haywood Gilliam dismissed the case with prejudice. His whole reasoning for doing so was "this Court determines that the complaint is frivolous and meritless." See Dkt. 18, Page 2, Lines 12-13. That's it. That was literally his entire reasoning. He never made a single finding of fact or a single conclusion of law. It was frivolous solely because he said it was.

This appeal ensued.

9th Cir. Case No. 24-4992            Page 3

**PROCEEDINGS BEFORE THE DISTRICT COURT OR THE BAP.** In this section, we ask you about what happened before you filed your notice of appeal with this court.

3. What did you ask the district court or the BAP to do—for example, did you ask the court to award money damages, issue an injunction, or provide some other type of relief?

statutory damages and declaratory and injunctive relief

4. What legal claim or claims did you raise in the district court or at the BAP?

Copyright infringement
Libel
Intentional infliction of emotional distress
Civil conspiracy

5. **Exhaustion of Administrative Remedies.** For prisoners, did you use up all administrative remedies for each claim before you filed your complaint in the district court? If you did not, please tell us why.

N/a... not a prisoner

9th Cir. Case No. <u>24-4992</u>                                                                 Page 4

**PROCEEDINGS BEFORE THE COURT OF APPEALS.** In this section, we ask you about issues related to this case before the court of appeals and any previous cases you have had in this court.

6. What issues are you asking the court to review in this case? What do you think the district court or the BAP did wrong?

First, I adequately stated a claim upon which relief can be granted. The case should not have been dismissed as frivolous.

Even if the Complaint had deficiencies, there was no indication by the District Court that the deficiencies could not be cured by filing an Amended Complaint. Therefore, the district court committed reversible error by failing to give me that opportunity.

Barring that, the district court should have at least given findings of fact and conclusions of law, so I would understand the Court's position. As it stands, the district court's order is because saying "because I say so." This alone constitutes a reversible abuse of discretion, to the exclusion of all other factors.

7. Did you present all issues listed in Question 6 to the district court or the BAP? Answer yes or no: <u>yes and no; it depends</u>

    If not, why not?

It depends on what counts as "presenting" a matter to the district court. If a matter is automatically considered to be "presented" if the district court is already required to do it sua sponte, then yes, I did present it to the district court.

9th Cir. Case No. 24-4992                                                    Page 5

8.  What law supports these issues on appeal? (You may refer to cases and statutes, but you are not required to do so.)

**Statutes & Rules:**
28 USC § 1915

**Case Law:**
Ryan S. v. Unitedhealth Group, Inc., 98 F. 4th 965 (9th Cir. 2024)
Denton v. Hernandez, 504 US 25 (1992)
US v. Burrell, 622 F. 3d 961 (2010)
Kern v. TXO Production Corp., 738 F. 2d 968 (8th Cir. 1984)
Foman v. Davis, 371 US 178 (1962)
Willemijn Houdstermaatschappij v. Standard Micro., 103 F. 3d 9 (2nd Cir. 1997)
O.R. Securities v. Professional Planning Assoc., 857 F.2d 742 (11th Cir.1988)
Purcell v. Gonzalez, 549 US 1 (2006)
Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242 (9th Cir. 1990)

9th Cir. Case No. 24-4992　　　　　　　　　　　　　　　　Page 6

9. **Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

Case 23-15531 - Stebbins v. Polano
Case 24-1936 - Stebbins v. Google LLC

10. **Previous Cases.** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

None related to this case that haven't been mentioned above.

David Stebbins
Name
123 W. Ridge Ave.
APT D
Harrison, AR 72601
Address

*[Signature]*
Signature

09/26/2024
Date

## I: Standard of Review

1.      This Court reviews de novo a dismissal of a complaint for failure to state a claim. See Ryan S. v. Unitedhealth Group, Inc., 98 F. 4th 965, 970 (9th Cir. 2024). In conducting such an inquiry, both the district and appellate courts must "accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." Id.

2.      When the plaintiff is proceeding in forma pauperis, as is the case here, a limited exception to this rule exists when the factual allegations rise to the level of "fanciful," "fantastic," "delusional," or "wholly incredible." See Denton v. Hernandez, 504 US 25, 32-33 (1992). "An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be 'strange, but true; for truth is always strange, Stranger than fiction.'" Id.

3.      When a complaint alleges multiple claims, as it does here, the complaint in its entirety can only be dismissed as frivolous if *all* of the claims in the complaint are independently frivolous. If even one single solitary claim in the complaint adequately states a claim upon which relief can be granted, even if the rest of the claims are patently frivolous on their face, the plaintiff is still entitled to his day in court on the one remaining claim.

## II: The District Court's failure to give any explanation at all behind his ruling is an automatic abuse of discretion and automatic reversible error.

4.      The District Court gave no reason whatsoever for dismissing the complaint with prejudice. His entire reasoning began and ended with "this Court determines that the complaint is frivolous and meritless." See Dkt. 18, Page 2, Lines 12-13. That's it. That was his *entire* reasoning. He never once made a single finding of fact or a single conclusion of law. It was frivolous ***just because he said so***.

5.      This is an automatic abuse of discretion, per se, to the exclusion of all other factors.

   (a)    See US v. Burrell, 622 F. 3d 961, 964 (2010) (citing Kern v. TXO Production Corp., 738 F. 2d 968, 970 (8th Cir. 1984[1]) ("We have held that a

---

1   The fact that this SCOTUS case cites the 8th Circuit case of Kern v. TXO, while normally a trivial detail, is important here. US v. Burrell was a criminal case, which is normally a completely inapposite precedent in civil

district court need not give 'lengthy explanations' ... but this does not permit a district court to give no explanation for its decision").

(b)    See also Foman v. Davis, 371 US 178, 182 (1962) ("Of course, the grant or denial ... is within the discretion of the District Court, but outright refusal ... without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules").

(c)    See also Willemijn Houdstermaatschappij v. Standard Micro., 103 F. 3d 9, 12 (2nd Cir. 1997) (citing O.R. Securities v. Professional Planning Assoc., 857 F.2d 742 (11th Cir.1988)) ("When the [tribunals] do not give their reasons, it is nearly impossible for the court to determine whether they acted in disregard of the law").

(d)    See also Purcell v. Gonzalez, 549 US 1, 8 (2006) (reversing the preliminary injunction from the Court of Appeals primarily because "There has been no explanation given by the Court of Appeals showing the ruling and findings of the District Court to be incorrect").

6.    This honestly blows my mind. How am I supposed to show that the District Court committed reversible error if he gives no reasons whatsoever for his decision? How am I supposed to find flaws in the district court's logic when *there is no logic?!*

7.    Therefore, that alone justifies reversal.

**III: I did indeed state an adequate claim upon which relief can be granted.**

8.    Assuming for the sake of argument that the district court's entirely reasonless judgment can still be affirmed if this Court determines, upon performing its own review, that the Complaint does indeed fail to state *even one claim*[2] upon which relief can be granted, out of the total eight claims that were included in it, I still have passed that bar.

9.    Bear in mind that, in order to be dismissed under 28 USC § 1915(e), the

---

cases like Kern, except in a handful of specific cases (such as false arrest) where they inevitably must overlap. However, because this criminal case cited a civil case to support its precedent, it helps demonstrate that this requirement for a trial court to explain its rulings isn't limited just to criminal sentencing, but is a general law that encompasses all cases, all aspects of the law, and all stages of litigation, whatsoever.

2    Remember, as I explain in ¶ 3 above, all of the claims must be meritless in order for the district court's judgment be affirmed in its entirety.

district court must accept all non-fantastical and not-wholly-incredible factual allegations as true and in a light most favorable to me. See Ryan S., supra.

10. This means that, when reviewing the copyright infringement claims, the Court must accept as true ...

    (a) that I own the copyrights to all of the works described in ¶¶ 7-16 of the Complaint;

    (b) that Creetosis copied 100% of those videos for his reaction streams;

    (c) that Creetosis did not obtain, or even request, my permission to publicly display my videos like he did;

    (d) that Creetosis monetized his streams with ads and "super chat" donations;

11. Also, the District Court must accept as true "and in a light most favorable to the Plaintiff" the factual allegations ...

    (a) that Creetosis made no effort whatsoever to comply with any of the four factors of fair use, beyond providing criticism; and

    (b) that Creetosis and his co-hosts "only occasionally stopp[ed] to give criticism or commentary." See Dkt. 1, ¶ 28; and

    (c) that "the commentary Creetosis and his co-hosts do provide often fails to meet the legal definition of 'transformative' under copyright law." See Dkt. 1, ¶ 29.

12. In light of this incredibly generous standard, it becomes immensely clear that I have adequately stated a claim upon which relief can be granted on the claims of copyright infringement. In fact, a case nearly identical in merit to the instant case actually did pass § 1915(e) review earlier this year! In Case 3:24-cv-00398-LJC (Stebbins v. Garcia Baz) in the US District Court for the Northern District of California, I sued a similar YouTuber for making response videos highly similar to Creetosis's reaction streams, where he played literally 100% of the videos he was responding to, only occasionally stopping to provide criticism, and even in then, the criticism he did provide was the very definition of "threadbare."

13. In that case, the copyright infringement claims handily passed review under 28 USC § 1915(e). See Dkt. 3 ("The Duty Judge, having reviewed the complaint,

will permit the proposed complaint to proceed ... as to the claims for copyright infringement"). See also Dkt. 13, Page 3, Lines 14-15 ("The Court finds no basis for dismissal of Stebbins's copyright infringement claims and would allow those claims to proceed").

14. Now, maybe Judge Gilliam found the instant case to be distinguishable from that one. However, that is all the more reason why he should be required to give findings of fact and conclusions of law when he dismisses the complaint. His failure to give any findings of fact or conclusions of law makes it highly likely that he knew full well that he couldn't justify dismissing the complaint, but he still wanted to dismiss it anyway simply because F.U.

15. The Garcia Baz also dismissed the libel claims. However, they were dismissed for reasons that are clearly not present for the libel claims in the instant case. In the Garcia Baz case, the libel claims were dismissed because the libelous statement in question – "The one who sent the copystrike seems to have erroneously assumed that it wasn't fair use simply because I used his content on my videos" – contained the word "seemed," which, in Judge Cisneros's view, qualified it as a statement of pure opinion. That is not present in the instant case. Here, Creetosis didn't say that "it seems" that I just want to punish him for criticizing me; he said I "certainly" just want to punish him for criticizing me.

16. I even explained this in my letter to the Court explaining why I believe the case should be allowed to move forward. See Dkt. 1-1. Clearly, Judge Gilliam doesn't care about such petty things as "the rule of law" and just ignored that. Why? Because the case was frivolous! How is it frivolous? Because Judge Gilliam said so, that's how!

17. Because I obviously adequately stated at least one claim upon which relief could be granted, the district court's judgment should be overturned.

### IV: No leave to file an Amended Complaint was given or even considered.

18. This court has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990) (emphasis added).

19. Here, the district court did not grant leave to amend. However, not only did

the District Court not make the explicit finding that any deficiencies could not be cured by amendment, it took its failure to grant the necessary leave to its utmost extreme: The District Court gave the prospect of leave to amend no consideration whatsoever.

20. This is a flagrant abuse of discretion, per se. "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." See Foman, supra at 182.

21. The Supreme Court outlined a variety of potential reasons why the District Court could potentially deny leave to amend, including but not limited to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies," and "undue prejudice to the opposing party by virtue of allowance of the amendment." See id. However, in the Ninth Circuit, the Cook, Perkiss, & Liehe precedent above makes clear that futility is the sole, exclusive reason why a district court subject to its jurisdiction may properly deny leave to amend.

22. But even if the Ninth Circuit were to partially overturn that precedent and grant its district courts as much discretion to deny leave to amend as the Supreme Court contemplates, it still has to follow the Supreme Court's precedent that "outright refusal to grant the leave without any justifying reason appearing for the denial" is necessarily an abuse of discretion.

23. Of course, it's obvious why the district court never gave leave to amend the Complaint: Because if he did, he would have to tell me what deficiencies need to be corrected, which he is clearly incapable of doing because the Complaint isn't actually frivolous. It's only because he (Haywood Gilliam, personally) wants to dismiss the Complaint but can't think of any actual grounds to do so.

24. Therefore, the district court's judgment should be overturned.

## V: Conclusion

25.    Wherefore, premises considered, I respectfully pray that the District Court's judgment be overturned in its entirety, costs incurred be awarded, and for any other relief to which I may be entitled.

So requested on this, the 15th day of August, 2024.

*/s/ David Stebbins*
David Stebbins (pro se)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
870-204-6516
acerthorn@yahoo.com
